UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROSS SUBER-WILSON, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-21-CV-752-XR |
| | § | |
| UNITED STATES, | § | |
| *Defendant*. | § | |

## ORDER

On this date, the Court considered Plaintiff's motion to reopen his case and motion for the recusal of the undersigned (ECF No. 17). After careful consideration, Plaintiff's motions are **DENIED**.

## BACKGROUND

On August 11, 2021, the Clerk's office docketed a filing from Plaintiff Ross Suber-Wilson as a new civil case with cause number SA:21-CV-0752 and it was assigned to the undersigned. The document labeled as a "Complaint" contained only two statements: "I have a lot to say, which I will save for court. Foremost, 5:20-mc-01455 has not been answered." ECF No. 1 at 1. The statements were followed by a screenshot of the docket entries in case number 5:20-mc-01455 through June 3, 2021. *Id.*

Suber-Wilson previously filed a complaint in December 2020, which was docketed as cause number 5:20-mc-1455 and assigned to Judge Fred Biery (the "1455 Complaint"). In the 1455 Complaint, Suber-Wilson appeared to assert claims against Judge David Ezra and Magistrate Judge Richard Farrer under the Federal Tort Claims Act. Suber-Wilson's claims were based on the handling of a prior civil case in which Suber-Wilson sought to "su[e] Apple, Inc. for

$13,000,000,000 for slavery." *See Suber-Wilson v. Apple, Inc.*, No. SA:18-CV-0012-DAE, ECF No. 1-1 at 1.

Along with the 1455 Complaint, Suber-Wilson submitted a filing fee of $49. Judge Biery referred the case to Magistrate Judge Henry Bemporad, who ordered Suber-Wilson to pay the full filing fee or submit an application to proceed *in forma pauperis* ("IFP"). Suber-Wilson submitted an application to proceed IFP, which triggered a screening under 28 U.S.C. § 1915. As a result of that screening, Magistrate Judge Bemporad recommended that Plaintiff's complaint be dismissed because, as federal judges, the defendants were immune from the claims. Suber-Wilson objected, but Judge Biery adopted the recommendation and dismissed the case on June 8, 2021.

Because the so-called "Complaint" filed in this case did not contain any claims or causes of action and included the docket sheet information from cause number 5:20-mc-1455 assigned to Judge Biery, the Court construed the filing as a Rule 60 motion for relief from the prior judgment issued in the 1455 Action, ordered it filed in that case (which had been converted to 5:20-cv-1455) (the "1455 Action"), and ordered that the case be closed. ECF No. 3. The Clerk's office filed the motion in the 1455 Action as instructed, and Judge Biery denied the motion.

Thereafter, Plaintiff moved to reopen the instant action, indicating that he did not intend to sue Judge Ezra and Magistrate Judge Farrer and did not fill out the civil cover sheet naming them as defendants in the 1455 Action. Rather, he stated that he was attempting to pursue a Federal Tort Claims Act ("FTCA") case in which the proper defendant was the United States, noting that he had paid the filing fee and asking the Court to issue summons. The Court granted the motion to reopen the case, but, given that the original complaint failed to assert any claims, directed Plaintiff to file an amended complaint setting forth an FTCA claim no later than October 13, 2021, and cautioned that any unasserted claims would be deemed waived. ECF No. 5.

On September 16, 2021, Plaintiff filed an amended complaint purportedly setting forth a claim for negligence, reading:

> Negligence, a failure to behave with the level of care that someone of ordinary prudence would have exercised under the same circumstances.

> If I have a problem and I go to a father-all agency (court house), I would hope that the people I am dealing with would have more prudence than I.

> I would hope the laws and rights that are documented all over the country would apply to me equally as everyone else. I have come to learn that is not the case. I have tried to use them and from where I stand, they do not work. My slavery has been documented with the government going on 4 years and labeled frivolous. I feel like an outlaw and the last thing I need is arbitrary justice.

> Number six is missing from my first case. I was told it's just a mere sheet of paper. Number 16 is missing from 5:2020cv01455. I don't know what that is. My guess would be a way to normalize number six missing. All I know is that it was said I had returned mail.

ECF No. 6 at 1–2.

On Defendant's motion (ECF No. 9), the Court dismissed Plaintiff's claims for lack of subject matter jurisdiction, noting that Plaintiff had failed to allege that he had submitted a timely claim for a sum certain to any federal agency, as required to exhaust his administrative remedies under the FTCA, or to establish any other basis for waiver of sovereign immunity. ECF No. 12 at 5; *see Barber v. United States*, 642 F. App'x 411, 413 (5th Cir. 2016) (per curiam) (noting that the FTCA requires presentment of a claim as a prerequisite to filing suit.). Thereafter, Plaintiff filed a motion for an amended judgment under Rule 59(e), offering evidence that he had properly presented his claims to the appropriate administrative agency. ECF No. 14. The Court denied the motion because, regardless of the exhaustion of any administrative remedies, Plaintiff's claims were barred by the doctrine of sovereign immunity.[1] ECF No. 15.

---

[1] While the United States is not always entitled to avail itself of the immunities and defenses available to its employees, *see Holcombe v. United States*, 388 F. Supp. 3d 777, 797 (W.D. Tex. 2019), the FTCA explicitly states that the United States can invoke "judicial or legislative immunity" available to its employees. 28 U.S.C. § 2674. Despite Plaintiff's objection to the Report and Recommendation in the 1455 Action that "[t]his is not about the

Now before this Court is Plaintiff's motion  to reopen his case and for the recusal of  the undersigned. ECF No. 17.

## DISCUSSION

### I.     Motion to Reopen Case

Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a judgment or order based on the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) void judgment; (5) satisfied, released or discharged judgment; or (6) any other reason that justifies relief. FED. R. CIV. P. 60(b). A judgment may be set aside pursuant to Rule 60(b)(4) if the district court lacked subject matter or personal jurisdiction, or if it acted inconsistent with due process. *Jackson v. Thaler*, 348 F. App'x 29, 32 (5th Cir. 2009) (citing *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003)).

After reviewing Plaintiff's motion and the Court's previous orders, as well as the entire file and applicable law, the Court finds the motion (ECF No. 17), to the extent it seeks relief pursuant to Rule 60(b), should be denied. As to Plaintiff's general contention that he is entitled to maintain his civil rights action and has been denied due process, the Court concludes it is without merit and finds no error in the dismissal. The right of access to courts is "a facilitative right . . . designed to ensure that a citizen has the opportunity to exercise his or her legal rights to present a *cognizable* claim to the appropriate court and, if that claim is meritorious, to have the court make a determination to that effect and order the appropriate relief." *Foster v. City of Lake Jackson*, 28 F.3d 425, 430 (5th Cir. 1994) (quoting *Crowder v. Sinyard*, 884 F.2d 804, 814 (5th Cir. 1989))

---

judges," the only federal employees identified in the claim form as having caused Plaintiff's injuries through their "[n]egligence" are the judges who handled Suber-Wilson's case against Apple. *See Suber-Wilson v. Ezra*, No. 5:20-CV-1455-FB (W.D. Tex.), ECF No. 1. Those judges enjoy absolute judicial immunity, which, in turn, protects the United States from Plaintiff's FTCA suit arising out of their conduct. Plaintiff's claims arising out of the judges' alleged failure to adhere to certain procedures have already been dismissed on this basis. *See id.*, ECF Nos. 14, 15.

(emphasis added). Procedural due process does not require a trial-type hearing in every case. *Cafeteria & Rest. Workers v. McElroy*, 367 U.S. 886, 894 (1961). Plaintiff had an opportunity to present his claims to the Court. The Court finds no mistake in its prior determination that the United States was entitled to immunity. (ECF No. 15).

Plaintiff has not alleged grounds warranting relief from this Court's prior Order of Dismissal and Final Judgment (ECF Nos. 12, 13) or its Order Denying Reconsideration (ECF No. 15). Accordingly, his motion to reopen this case (ECF No. 17) is **DENIED**.

## II.    Recusal Motion

To obtain recusal under 28 U.S.C. § 455,[2] a movant must show that a reasonable person, knowing all the circumstances, would harbor doubts about the judge's impartiality. *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1165 (5th Cir. 1982). A judge should not recuse himself based on unsupported or irrational speculation. *McClelland v. Gronwaldt*, 942 F. Supp. 297, 302 (E.D. Tex. 1996). The Fifth Circuit further holds that the alleged bias must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his or her participation in the case. *United States v. MMR Corp.*, 954 F.2d 1040, 1045 (5th Cir. 1992) (citations omitted). Adverse rulings in a case are not an adequate basis for recusal. *Id.*

Plaintiff does not present any grounds on which the impartiality of the undersigned might reasonably be questioned or any other basis for his recusal other than the dismissal of his case. *See* 28 U.S.C. § 455. A litigant's dissatisfaction with a judge's rulings is no basis for recusal or removal of a judge. *See Lite/cy v. United States*, 510 U.S. 540, 555. "[B]ecause it is in the nature of a judge's

---

[2] Section 455(a) states: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." According to § 455(b)(1), a judge must recuse himself if he has personal bias or prejudice against a party. 28 U.S.C. § 455(b)(1).

job to rule, and any ruling must favor one side and disfavor the other, rulings during the course of a case generally are not regarded as evidence of bias." *United States v. El-Gabrowny*, 844 F. Supp. 955,959 (S.D.N.Y. 1994). Accordingly, Plaintiff's motion for recusal (ECF No. 17) is **DENIED**.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions to reopen this case and for the recusal of the undersigned (ECF No. 17) are **DENIED**. This case remains closed. Any further motions will be summarily dismissed.

The Clerk is **DIRECTED** to mail a copy of this Order to Ross Suber-Wilson at 258 Meadow Bend Drive, San Antonio, TX 78227.

It is so **ORDERED**.

**SIGNED** this 9th day of January, 2023.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE